UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JENNIFER HUGHES**                                      **CIVIL ACTION**

**VERSUS**                                               **NO. 22-3676**

**TERMINIX PEST CONTROL, INC.**                          **SECTION: "H"**

ORDER AND REASONS

Before the Court is Defendant Terminix Pest Control, Inc's Motion to Dismiss (Doc. 6). For the following reasons, the Motion is **GRANTED.**

BACKGROUND

This case arises out of Plaintiff Jennifer Hughes's termination from her employment with Defendant Terminix Pest Control, Inc. In August 2021, Defendant issued a notice to all employees that they must receive the COVID-19 vaccine as an ongoing condition of employment. This notice had exceptions including "a disability verified by a physician that prevents you from taking the vaccine."[1] Plaintiff told Defendant that she had "a documented case of rheumatoid arthritis, which is a genetic condition and a disability, and she was afraid to take the [Emergency Use Authorization] Covid injection due to fear of a long-term adverse effects in light of her medical disability."[2] Plaintiff refused to receive the COVID-19 vaccination and was fired shortly thereafter.

On February 5, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging violations of the Americans with Disabilities Act ("ADA"). She received a Notice of Right to Sue

---

[1] Doc. 6-1 at 2.
[2] Doc. 1 at 3.

1

Letter on July 28, 2022. Plaintiff filed suit in this Court on October 5, 2022, alleging violations of the Emergency Use Authorization Provision,[3] the ADA,[4] and the Louisiana Employment Discrimination Law ("LEDL").[5]

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Claims with Prejudice. Defendant argues that there is no cause of action under the Emergency Use Authorization provision and that Plaintiff did not allege sufficient facts to support a claim for disability discrimination under the ADA. Defendant also requests that upon dismissal of Plaintiff's federal law claims, that the state law claims are dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff opposes.[6]

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[7] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[8] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[9] The Court need not, however, accept as true legal conclusions couched as factual allegations.[10]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[11] "A pleading that offers 'labels

---

[3] 21 U.S.C. § 360bbb-3.
[4] 42 U.S.C. § 12101.
[5] LA. REV. STAT. § 23:301.
[6] Doc. 8.
[7] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[8] *Id.*
[9] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[10] *Iqbal*, 556 U.S. at 667.
[11] *Id.*

and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[12] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[13]

## LAW AND ANALYSIS

Defendant argues that Plaintiff fails to establish viable cause of actions under the Emergency Use Statute and the ADA. Without these claims, Defendant further argues that that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim under Louisiana Revised Statutes § 23:301. Plaintiff opposes, stating that she did adequately plead her claims. The Court will address each claim individually.

    *a. The Emergency Use Statute*

Defendant argues that the Emergency Use Statute does not provide a right of action under which an individual may sue a private employer, and as such, Plaintiff cannot state a claim. Plaintiff responds that the plain language of the Emergency Use Statute has been violated, namely the requirement that "individuals to whom the product is administered are informed . . . of the option to accept or refuse administration of the product."[14] Plaintiff argues that she exercised her rights to refuse the administration of the product and she was fired, which constitutes a violation of the Emergency Use Statute.

The Court disagrees with this mischaracterization of the law. This statute authorizes the Secretary of Health and Human Services to approve medical products for use in an emergency and "requires the Secretary to ensure product recipients understand the 'potential benefits and risks of use' and 'the

---

[12] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[13] *Lormand*, 565 F.3d at 255–57.
[14] Doc. 8 (citing 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I)-(III)).

3

option to accept or refuse administration of the product.'"[15] This statute gives the Secretary of Health and Human Services power to act in an emergency. It does not confer a private right to sue. Indeed, the Fifth Circuit affirmed the Southern District of Texas in holding that this provision "neither expands nor restricts the responsibilities of private employers; in fact, it does not apply at all to private employers like the hospital in this case. It does not confer a private opportunity to sue the government, employer, or worker."[16] Thus, Plaintiff's claim under the Emergency Use Statute does not have merit and must be dismissed.[17]

   b. *American With Disabilities Act*

Defendant argues that Plaintiff did not plausibly allege a violation of the ADA. Plaintiff responds that she did plead the requisite facts to support her ADA claim that she was discriminated against based on her medical disability. Specifically, she alleges that she is disabled "because of her inability to receive a Covid vaccine due to her [rheumatoid arthritis] condition," and thus, "[she] is unable to perform any job for which she possesses the requisite skill, but for which she is required to receive a Covid vaccine."[18]

"To make out a prima facie case of discrimination under the ADA, a plaintiff must show that (a) he has a disability; (b) he is a qualified individual

---

[15] Bridges v. Houston Methodist Hosp., 543 F. Supp. 3d 525, 527 (S.D. Tex. 2021), *aff'd sub nom.* Bridges v. Methodist Hosp., No. 21-20311, 2022 WL 2116213 (5th Cir. June 13, 2022).
[16] *Id.* at 527.
[17] *Id.* Plaintiff attempts to distinguish her case from *Bridges;* however, her arguments fail. There, the District Court for the Southern District of Texas addressed this precise issue, held that there was no private right to sue under the Emergency Use Statute, and was affirmed on appeal to the Fifth Circuit Court of Appeals. *See also* Symantha Reed et al. v. Tyson Foods, Inc., No. 21-CV-01155, 2022 WL 2134410, at *11 (W.D. Tenn. June 14, 2022) (holding that "there is no private right of action under [21 U.S.C. § 360bbb]").
[18] Doc. 8 at 7.

for the job to which he is applying; and (c) that an adverse employment decision was made solely because of his disability."[19]

Plaintiff must first show that she is an "individual with a disability" within the meaning of the ADA. 42 U.S.C. § 12102(a) defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual."[20] Major life activities include working, seeing, hearing, speaking, and breathing.[21] Defendant argues that Plaintiff does not allege sufficient facts to explain how her rheumatoid arthritis substantially limits a major life activity. Plaintiff only states that her rheumatoid arthritis substantially limits her ability to take certain medications and vaccinations.[22] The Court finds that the inability to take certain medications and vaccinations is not a major life activity akin to speaking, breathing, seeing, or hearing.[23] Viewing all facts in the light most favorable to Plaintiff, the Court finds that she does not plead the necessary facts to show that her rheumatoid arthritis constitutes a disability under the ADA. As such, Plaintiff's ADA claim fails.

  c. *Retaliation*

---

[19] Still v. Freeport-McMoran, Inc., 120 F.3d 50, 51–52 (5th Cir. 1997).
[20] 42 U.S.C. § 42102(a).
[21] 42 U.S.C. § 12102(2)(A).
[22] Doc. 1 (Plaintiff alleges that she "had a documented case of rheumatoid arthritis, which is a genetic condition and a disability, and that she was afraid to take the EUA Covid injection due to fear of long-term adverse effects in light of her medical disability," and as a result, "she is substantially limited in a major life activity, i.e., being able to take certain medications and/or vaccines."). In Plaintiff's Memorandum in Opposition to this Motion, she advances a different argument: that her rheumatoid arthritis constitutes a disability under the ADA because she is unable to work in "any occupation and with any employer that requires a Covid vaccine." Doc. 8 at 6. The Court may not consider this argument as it was not plead in Plaintiff's Complaint.
[23] Hustvet v. Allina Health Sys., 910 F.3d 399, 411 (8th Cir. 2018) (holding that there was "insufficient evidence in the record to support the conclusion that Hustvet's chemical sensitivities or allergies substantially or materially limit her ability to perform major life activities" where she had never "sought any significant medical attention when experiencing a chemical sensitivity, taken prescription medication because of a serious reaction, or had to leave work early because of a reaction.").

Plaintiff alleges that "Defendant's retaliation against Plaintiff was immediate and unwavering."[24] However, Plaintiff does not specify under which statute she is suing. To plausibly plead a claim, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[25] As the Court cannot ascertain under which law the Plaintiff is suing, she did not state a claim upon which relief can be granted.

### d. *Louisiana Employment Discrimination Law*

Defendant requests that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims in the event Plaintiff's claims under the Emergency Use Statute and the ADA are dismissed.

Under 28 U.S.C. § 1367(c), district courts have discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims where the court has dismissed all claims over which it had original jurisdiction. "The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[26] The Fifth Circuit has advised that in determining whether to relinquish jurisdiction over pendent state law claims, a court should "look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity."[27] The statutory factors concern whether "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has

---

[24] Doc. 1 at 8.
[25] *Lormand*, 565 F.3d at 255–57.
[26] Brookshire Bros. Holding v. Dayco Products, Inc., 554 F.3d 595, 602 (5th Cir. 2009); *see also* Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir.), *cert. denied*, 516 U.S. 818 (1995) (district court did not abuse discretion by remanding remaining state claims).
[27] Enochs v. Lampasas Cnty., 641 F.3d 155, 158–59 (5th Cir. 2011).

dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[28]

The statutory factors weigh in favor of dismissing Plaintiff's state law claims. Specifically, the second and third factors weigh heavily in favor of declining to exercise supplemental jurisdiction because only state law claims remain pending before this Court. The first factor also weighs against exercising jurisdiction as Plaintiff's claim may raise novel issues of law regarding employment rights in the face of vaccine mandates. Additionally, judicial economy, convenience, fairness, and comity all weigh in favor of declining jurisdiction as this claim has not been substantially litigated in this Court and Louisiana state courts have a significant interest in resolving issues of state law. As both the statutory and common law factors weigh against exercising supplemental jurisdiction, the Court declines to exercise supplemental jurisdiction and dismisses Plaintiff's state law claims without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motion (Doc. 6) is **GRANTED**. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall amend her Complaint within 20 days of this Order to the extent that she can remedy the deficiencies identified herein.

New Orleans, Louisiana this 16th day of March, 2023.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[28] 28 U.S.C. § 1367(c).