# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER HUGHES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-3676** |
| **TERMINIX PEST CONTROL, INC.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Terminix Pest Control's Motion for Attorney's Fees (Doc. 25). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This case arises out of Plaintiff Jennifer Hughes's termination from her employment with Defendant Terminix Pest Control, Inc. In August 2021, Defendant issued a notice to all employees that they must receive the COVID-19 vaccine as an ongoing condition of employment. This notice had an exception for "a disability verified by a physician that prevents you from taking the vaccine."[1] Plaintiff told Defendant she had a documented case of rheumatoid arthritis, which is a genetic condition and a disability, and that she was afraid to take the Emergency Use Authorization Provision ("EUA") Covid injection due to fear of long-term adverse effects in light of her medical disability.[2]

---

[1] Doc. 12-1.
[2] Doc. 12 at 6.

Plaintiff refused to receive the COVID-19 vaccination and was fired shortly thereafter.

On October 5, 2022, Plaintiff filed suit in this Court alleging violations of the EUA,[3] the Americans with Disabilities Act ("ADA"),[4] and the Louisiana Employment Discrimination Law ("LEDL").[5] This Court granted Defendant's first Motion to Dismiss, holding that Plaintiff did not adequately plead her claims but granting Plaintiff leave to amend her Complaint. On August 7, 2023, this Court dismissed Plaintiff's Amended Complaint with prejudice, holding that she again failed to adequately plead her ADA claims.[6] On September 2, 2023, Plaintiff filed a Notice of Appeal.[7] On August 8, 2024, the United States Fifth Circuit Court of Appeal affirmed this Court's judgment, agreeing that Plaintiff did not have a disability under the ADA.[8] On August 23, 2024, Defendant filed the instant Motion.

Now before the Court is Defendant's Motion for Attorney's Fees, wherein Defendant argues that it is entitled to approximately $7,100 in attorney's fees as the prevailing party in a case brought under the ADA. Plaintiff opposes, arguing that Defendant's request is untimely.[9]

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2)(B)(i) states that "[u]nless a statute or a court order provides otherwise, the motion [for attorney's fees] must be filed no later than 14 days after the entry of judgment." "The filing of a Notice of Appeal does not divest the district court of jurisdiction over" motions

---

[3] 21 U.S.C. § 360bbb-3.
[4] 42 U.S.C. § 12101.
[5] La. Rev. Stat. § 23:301.
[6] Docs. 15, 20.
[7] Doc. 21
[8] Doc. 24.
[9] Doc. 27.

for attorney's fees."[10] This Court "retains plenary authority to award attorneys' fees and costs pursuant to a motion filed within fourteen days of entry of judgment."[11] "Nonetheless, for purposes of efficiency, the district court may 'defer its ruling on the motion, or may deny the motion without prejudice, directing under [FED. R. CIV. P. 54(d)(2)(B)] a new period for filing after the appeal has been resolved.'"[12]

## LAW AND ANALYSIS

To support its assertion that the instant Motion is timely, Defendant cites *Red Apple Dev., LLC v. Rufus Rd. Partners, LLC*.[13] Plaintiff argues that the case is inapplicable to the facts before the Court here and does not supplant Rule 54. While Defendant correctly states that it filed the instant Motion no later than 14 days "after the mandate issued by the Appellate Court was filed into the record," based on the case it itself cited, Rule 54(d)(2)(B)(i) contemplates a final judgment rendered by the lower court, not the appellate court.[14]

In *Red Apple*, while determining whether it had discretion to rule on a motion for attorney's fees or should postpone awarding the fees until after the appeal was resolved, the court concluded that "a district court may properly

---

[10] Rios v. Blackwelder, No. CV H-13-3457, 2016 WL 8794467, at *1 (S.D. Tex. Apr. 27, 2016).
[11] *Id.*
[12] *Id.* (quoting Art Midwest, Inc. v. Clapper, No. 14-10973 2004 WL 743713, *1 (N.D. Tex. Apr. 5, 2004)).
[13] No. 3:19-cv-00157, 2022 WL 3129591, *3 (W.D. N.C. Aug. 4, 2022).
[14] JAB Energy Sols. II, LLC v. Servicio Marina Superior, L.L.C., No. CV 13-556, 2016 WL 3746368, at *3, n.3 (E.D. La. July 13, 2016) ("[Plaintiff] does not argue that the term 'judgment' within Rule 54(d)(2) also applies to the mandate or opinion of the Fifth Circuit. However, even if it did, the authority reviewed by this Court persuasively argues that Rule 54(d)(2) only applies to judgments of district courts."); S. Tex. Elec. Coop. v. Dresser-Rand Co., No. V-06-28, 2010 WL 1855959, at *3 (S.D. Tex. May 5, 2010) ("Because the Federal Rules 'govern the procedures in all civil actions and proceedings in the United States district courts,' the Court finds that "judgment" in Rule 54(d) refers to a judgment of the district court.") (quoting FED. R. CIV. P. 1).

defer ruling pending ultimate resolution of the merits, [and] hence determination of the prevailing party question."[15] As Plaintiff points out, in that case, a notice of appeal was filed the same day that the court issued its judgment, prompting the court to consider motions for attorney's fees that were filed within 14 days of the appeal's conclusion.[16] Even if the filing of a notice of appeal could somehow suspend the 14-day period articulated in Rule 54, in *Red Apple*, the notice of appeal was filed *before* the motion for attorney's fees. Here, however, the Court entered its judgment on August 7, 2024, the judgement was filed into the record on August 8, 2024, and the Notice of Appeal was not filed until September 2, 2023. As such, the window for Defendant to timely file the instant motion closed before even the Notice of Appeal was filed. Accordingly, Defendant's Motion is untimely.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Attorney's Fees is **DENIED**.

New Orleans, Louisiana this 10th day of February, 2025.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Id.* (quoting Reed v. Health & Hum. Servs., 774 F.2d 1270, 1277 (4th Cir. 1985), *rev'd on other grounds*, 481 U.S. 368 (1987)).
[16] *Id.*